J-S43035-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERNEST WOODALL | : | |
| | : | |
| Appellant | : | No. 110 WDA 2017 |

Appeal from the PCRA Order December 9, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0008320-1996

BEFORE: STABILE, SOLANO, and FITZGERALD[*] JJ.

MEMORANDUM BY FITZGERALD, J.:    FILED: July 20, 2017

Appellant, Ernest Woodall, appeals *pro se* from the order entered in the Allegheny County Court of Common Pleas dismissing his serial Post Conviction Relief Act Petition[1] ("PCRA"). Appellant contends that fraud upon the court was committed. We affirm.

We adopt the facts and procedural posture of this case as set forth in a prior memorandum of this Court.

> On May 5, 1996, two uniformed Pittsburgh police officers on routine patrol in a marked wagon noticed Appellant's vehicle parked in the middle of the street with the engine idling and a door open, blocking traffic in either direction, while he was standing on the sidewalk, talking to a female. One of the police officers, Edward Dent, knew Appellant personally from the neighborhood, and from towing his vehicle

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

a week earlier. When Officer Dent asked him to move his vehicle, Appellant responded, "Fuck you," and ran to the back of the vehicle. Both officers followed. (*See* N.T. Trial, 11/9-12/04, at 37-44).

In the scuffle which ensued, Appellant attempted to draw a .45 Glock handgun from his waistband, but it fell to the ground. He managed to run away. The police began to follow him, but decided to stay behind to secure the Glock, which was loaded and equipped with a laser sight, and other firearms found in Appellant's vehicle, a .9 millimeter Smith & Wesson handgun, and an SKS assault rifle, both also loaded. (*Id.* at 53-56). The two officers radioed for back-up and prepared to tow the vehicle.

However, Appellant soon returned, this time with an AK-47 assault rifle, which he pointed at the police, saying, "I want my shit, give me my shit now." (*Id.* at 58.) When they did not comply, he fired at them, now six police in all, including those who had arrived in response to the radio call. Appellant then escaped.

The police apprehended Appellant the next day, but he fled the jurisdiction soon after he was charged. He was not discovered until almost seven years later, when the National Crime Information Center informed an FBI agent assigned to the Pittsburgh Fugitive Task Force that there was a possible fingerprint match between one "Joseph Brown," a/k/a "Allan Alphonso Garner," recently arrested in Montgomery County, Alabama, and Appellant. Appellant was arrested in February, 2003, in the office of his Alabama parole officer, and eventually returned to Pittsburgh through the Interstate Agreement on Detainers (IAD), 42 Pa.C.S.A. §§ 9101-9108. Following a hearing, the trial court denied pre-trial motions, and trial commenced in November of 2004.

After the jury convicted Appellant of four counts of attempted homicide, six counts of aggravated assault, and one count of violation of the Uniform

firearms Act (VUFA), the trial court sentenced him to an aggregate term of thirty-two to eighty years' imprisonment. This Court affirmed the judgment of sentence,[2] and our Supreme Court denied allowance of appeal on May 10, 2007.[3]

On December 19, 2007, Appellant filed a timely *pro se* petition for PCRA relief. The PCRA court appointed counsel, who filed an amended petition. After the PCRA court filed notice of its intent to dismiss pursuant to Pa.R.Crim.P. 907, counsel filed a second amended petition and response to the notice of intent. The PCRA court dismissed the petition on May 4, 2009. Appellant filed a timely *pro se* notice of appeal, and the PCRA court appointed counsel to represent him.

***Commonwealth v. Woodall***, 897 WDA 2009, unpublished memorandum at 1-3) (Pa. Super. Oct. 20, 2010). This [C]ourt affirmed [the] dismissal of [A]ppellant's first PCRA petition on October 20, 2010. [***Id.***] Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

On November 10, 2011, [A]ppellant filed a second *pro se* PCRA petition, which was dismissed without a hearing, following Rule 907 notice, on December 2, 2011. No direct appeal was taken from this dismissal.

On December 16, 2011, [A]ppellant filed, *pro se*, a petition for *habeas corpus* relief which was properly treated as a third PCRA petition. On January 22, 2013, the PCRA court gave Rule 907 notice of its intent to dismiss the petition within 20 days without a hearing; and with no response forthcoming from [A]ppellant, his petition was dismissed on February 25, 2013. Appellant filed a timely *pro se* notice of appeal on March 13, 2013.

---

[2] ***Commonwealth v. Woodall***, 1338 WDA 2005 (unpublished memorandum) (Pa. Super. June 19, 2006).

[3] ***Commonwealth v. Woodall***, 923 A.2d 1174 (Pa. 2007).

***Commonwealth v. Woodall***, 565 WDA 2013, (unpublished memorandum at 1-4) (Pa. Super. Jan. 14, 2015) (footnotes omitted). This Court affirmed the PCRA court's dismissal of Appellant's PCRA petition as untimely. ***See id.***

On July 14, 2016, Appellant, *pro se*, served the PCRA court with his "Fraud Upon the Court Motion."[4] On August 23, 2016, Appellant filed a motion to compel a response by the court to his "Fraud Upon the Court Motion," which gives rise to this appeal. The PCRA court regarded the motion as a fourth PCRA petition, and on November 4, 2016, the PCRA court filed notice of intent to dismiss. Appellant filed a *pro se* response to the Rule 907 notice. On December 9, 2016, the PCRA court dismissed the PCRA petition. The PCRA court opined that Appellant "has filed his most recent serial [PCRA] petition, which has been dismissed as being untimely. [Appellant] has not raised any issues that would qualify as time-barred exceptions." PCRA Ct. Op., 1/17/17, at 1. This appeal followed.

Appellant raises the following issues for our review:

> I. Why was the May 17, 2004 continuance slip introduced?
>
> II. Does the record demonstrate the May 17, 2004 continuance slip the court read into the record, and handed to defense counse[l,] Mr. Sharif, to be fraudulent?
>
> III. Was fraud committed upon the court with introduction of the May 17, 200[4] continuance slip?

---

[4] ***See*** Appellant's Brief at Ex. "B." We note that the motion does not appear on the docket; however, it is in the certified record.

- 4 -

IV. Is a preliminary hearing for thorough exploration of the fraudulent May 17, 2004 continuance slip's impact required?

V. Why did the **trial court** deny the November 5, 2004 speedy trial motion to dismiss[ ] if not for the May 17, 2004 continuance?

VI. Did the **trial court** provide a lawful reason for denial of the November 5, 2004 motion to dismiss?

Appellant's Brief at 3.

Before examining the merits of Appellant's claims, we consider whether the PCRA court had jurisdiction to entertain the underlying PCRA petition. On appellate review of a PCRA ruling, "we determine whether the PCRA court's ruling is supported by the record and free of legal error." **Commonwealth v. Marshall**, 947 A.2d 714, 719 (Pa. 2008) (citation omitted).

> We . . . turn to the time limits imposed by the PCRA, as they implicate our jurisdiction to address any and all of [a]ppellant's claims. To be timely, a PCRA petition must be filed within one year of the date that the petitioner's judgment of sentence became final, unless the petition alleges and the petitioner proves one or more of the following statutory exceptions:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> >
> > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

- 5 -

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).

> We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies. In addition, a petition invoking any of the timeliness exceptions must be filed within 60 days of the date the claim first could have been presented. 42 Pa.C.S. § 9545(b)(2). A petitioner fails to satisfy the 60–day requirement of Section 9545(b) if he or she fails to explain why, with the exercise of due diligence, the claim could not have been filed earlier.

*Id.* at 719-20 (some citations omitted).

Appellant's judgment of sentence became final on or about August 10, 2007, ninety days after the Pennsylvania Supreme Court denied his petition for allowance of appeal. *See* 42 Pa.C.S. § 9545(b)(3) (providing "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[ ]"); *accord* U.S. Sup.Ct.R. 13(1) (providing "[a] petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review"). Appellant thus generally had until August 10, 2008, to file his PCRA petition. *See* 42 Pa.C.S. § 9545(b)(1) (providing PCRA

petition, including second and subsequent petitions, must be filed within one year of date judgment becomes final). Appellant filed the instant PCRA petition, in the form of a Motion to Compel, on August 23, 2016. Therefore, it is patently untimely.

Following our review, we agree that Appellant did not plead and prove any exception to the PCRA's timeliness requirement. *See Marshall*, 947 A.2d at 719-20. Thus, the PCRA court did not err in dismissing his PCRA petition as untimely. *See id.* at 719.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/20/2017